NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0101n.06
Filed: February 6, 2009

No. 07-4446

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

YAHYA AL KEBSI, et al.,            )
                                        )
     Petitioners,             )
                                          )
v.                                  )    ON APPEAL FROM THE BOARD
                                        )    OF IMMIGRATION APPEALS
MICHAEL B. MUKASEY, United States Attorney   )
General,                    )
                                        )
     Respondent.           )
                                        )
                                        )

Before: NORRIS, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Yahya Al Kebsi petitions for review of the Board of Immigration Appeals' denial of his motion to reopen his asylum claim. Al Kebsi argues that his motion was supported by new evidence that rebuts findings by the Immigration Judge and the Board that he was not credible. We disagree, and affirm.

I.

Yahya Al Kebsi, his wife Naiwa Mohammed, and their two children are citizens of Yemen who were admitted as non-immigrant visitors to the United States on August 7, 2000. They overstayed their visas, however, and were charged as removable aliens under Immigration and Nationality Act (INA) § 237(a)(1)(B) on December 12, 2001.

Al Kebsi applied for asylum pursuant to INA § 208(a), alleging that he had been persecuted in Yemen for his Quarishi ethnicity, his political views, and because he was a suspected spy. An asylum officer did not believe him, and referred the matter to an immigration judge (IJ). The IJ held two hearings, during which Al Kebsi again stated that Yemeni authorities had persecuted him for spying. But Al Kebsi admitted that, during the period of this alleged persecution, he worked for the state-owned Yemeni national airline and was permitted to leave the country twice. Citing these inconsistencies, the IJ found that Al Kebsi was not credible and denied his application.

Al Kebsi appealed the IJ's decision to the Board of Immigration Appeals, which adopted and affirmed the IJ's decision. The Board also noted additional inconsistencies in Al Kebsi's testimony, namely, that, according to his putative birth documentation, Al Kebsi would have been 11 and 14 years old, respectively, at the times he claimed to have joined the Yemeni Army and traveled to the United States for military training. Al Kebsi did not seek judicial review of the Board's decision.

Al Kebsi thereafter filed a motion to reopen his asylum claim with the Board, citing allegedly new evidence of civil strife in Yemen. The Board denied the motion.

This petition followed.

II.

We review the Board's denial of a motion to reopen for abuse of discretion. *Allabani v. Gonzales*, 402 F.3d 668, 676 (6th Cir. 2005). Among the grounds on which the Board may deny a motion to reopen is that the movant has not established a *prima facie* case for asylum. *See I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988). To establish a *prima facie* case for asylum, Al Kebsi must produce evidence that he has suffered past persecution or has a well-founded fear of future

persecution. 8 U.S.C. § 1101(a)(42)(A). A determination that an applicant is not credible with respect to the circumstances of his alleged persecution may preclude him from establishing a *prima facie* case. *See Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004).

Here, both the IJ and the Board found Al Kebsi's testimony not to be credible. "We review adverse credibility determinations under the substantial evidence test." *Shkabari v. Gonzales*, 427 F.3d 324, 329 (6th Cir. 2005) (citation omitted). Al Kebsi contends that his newly-offered evidence—most of which documents alleged civil strife in Yemen—rebuts the Board's and IJ's determinations that he was not credible. But none of this evidence rebuts the findings of the IJ and the Board that Al Kebsi was not credible with respect to his own circumstances, including his alleged persecution. We therefore have no basis to conclude that those findings were not supported by substantial evidence. The findings of non-credibility therefore stand; and thus Al Kebsi cannot establish a *prima facie* case for asylum. Consequently, the Board did not abuse its discretion in denying his motion.

### III.

For these reasons, we affirm the Board's denial of Al Kebsi's motion to reopen.